UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| TOMMY WAYNE WILKERSON,<br><br>       Plaintiff,<br><br>v.<br><br>RN ALLEN JENNINGS,<br>LPN BRITTANY SMITH-HILL,<br>LPN CAROLYN DUNN, and<br>SGT. FOREST BLACKBURN,<br><br>       Defendants. | No.: 1:20-CV-275-TAV-CHS |

## **MEMORANDUM OPINION**

Before the Court are Defendants' motions to dismiss this pro se prisoner's civil rights action based on Plaintiff's failure to prosecute and comply with the Court's prior Order compelling discovery [Docs. 25 and 26], and Defendants' alternative motions for an extension of time to complete discovery [Docs. 27 and 29].

### I.    PROCEDURAL HISTORY

After Plaintiff failed to respond to Defendants' discovery requests and inquiries, Defendants filed a joint motion to compel discovery from Plaintiff [*See* Doc. 23]. On July 30, 2021, the Court entered an order granting Defendants' request and ordering Plaintiff to respond to Defendants' discovery requests within twenty-one (21) days [Doc. 24]. The Court advised Plaintiff that failure to comply would result in the dismissal of this action upon motion by Defendants [*Id*. at 2]. Defendant Blackburn filed a motion to dismiss on August 30, 2021, alleging that Plaintiff failed to answer any of the

propounded discovery [Doc. 25]. The remaining Defendants filed a similar motion seeking dismissal the following day [Doc. 26]. Plaintiff failed to respond to either motion to dismiss, and the deadline to do so has passed. *See* E.D. Tenn. L.R. 7.1.

## II. DISCUSSION

Rule 37(b) and Rule 41(b) of the Federal Rules of Civil Procedure each provide that dismissal is an appropriate sanction for failure to comply with a Court order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 41(b). Under either provision, the Court considers four factors when considering dismissal:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct;
> (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Hartsfield v. United Parcel Serv., Inc.*, No. 4:18-cv-69, 2020 WL 1539337, at *2 (E.D. Tenn. Mar. 2, 2020) (quoting *Mager v. Wisconsin Central Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019)).

First, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff refused to cooperate in discovery, resulting in this Court issuing an order requiring Plaintiff to do so [Doc. 24]. Second, the Court finds that Plaintiff's failure to diligently prosecute his case and comply with Court orders has prejudiced Defendants, who have wasted time and effort attempting to obtain Plaintiff's cooperation. Third, Plaintiff failed to respond to Defendants' discovery requests after the Court specifically warned him that this case would

2

be dismissed if he failed to comply with the Court's order. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action.

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about plaintiff's pro se status prevented him from complying with the Court's order so as to mitigate the balance of factors. As such, Defendants are entitled to the grant of their motions.

## III. CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action. Therefore, Defendants' motions [Docs. 25 and 26] will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**. The remaining motions [Docs. 27 and 29] will be **DENIED** as moot. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

3

Case 1:20-cv-00275-TAV-CHS   Document 30   Filed 09/29/21   Page 3 of 3   PageID #: 166